UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
FRANK DAY, MIN SOON DAY, and MATTHEW DAY,

                Plaintiffs,                      **ORDER TO SHOW CAUSE**
                                                                      24-CV-02675 (OEM) (CLP)

      -against-

UNITED STATES OF AMERICA,

                Defendant.
---------------------------------------------------------------------------x
**ORELIA E. MERCHANT, United States District Judge:**

      Plaintiffs Frank Day, Min Soon Day, and Matthew Day (together, "Plaintiffs"), proceeding pro se, commenced this fee-paid action against the United States of America ("Defendant"). For the reasons stated below, Plaintiffs are directed to show cause, in writing, within thirty (30) days of the date of this Order, why this action should not be dismissed as barred by the doctrine of sovereign immunity and as frivolous.

## STANDARD OF REVIEW

      A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a pro se complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also*

1

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally").

Even if a plaintiff has paid the Court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the Court lacks subject matter jurisdiction or the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363–64 (2d Cir. 2000); *see also Hawkins–El III v. AIG Federal Savings Bank,* 334 Fed. Appx. 394, 395 (2d Cir. June 18, 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint).

## DISCUSSION

Plaintiffs' twenty-six-page complaint is convoluted and difficult to understand. *See* Complaint, ECF 1. Plaintiffs Frank Day, a veteran of the United States Army, Matthew Day, a veteran of the United States Marines Corps and Min Soon Day, a self-described "avid community member of the local Korean Catholic Church," allege that Defendant conducts "human research and experimentation" on non-consenting individuals, including students, veterans, and minorities. *Id.* at 7. Plaintiffs assert that they were subject to "forced injections of unknown substances into their bodies." *Id*. at 21. Plaintiffs request monetary damages and injunctive relief, seeking the Defendant to report its policy on enhanced interrogation techniques and "autonomous extraordinary renditions using artificial intelligence…" *Id*. at 27.

### I. Lack of Subject Matter Jurisdiction

Any claims against the United States are barred under the doctrine of sovereign immunity because, without a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over a plaintiff's claims against the United States or its agencies. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016). It is Plaintiffs' burden to demonstrate that sovereign immunity has been waived, and in the absence

of such a waiver, the Court lacks jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Lewis v. USA et al.*, No. 24-CV-2503, 2024 WL 1577930, at *2 (E.D.N.Y. Apr. 11, 2024).

The Federal Torts Claims Act ("FTCA") "provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment." *Moore v. United States*, No. 19-CV-9760, 2019 WL 5634679, at *1 (S.D.N.Y. Oct. 31, 2019) (citing 28 U.S.C. § 1346(b)(1)). However, before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust their administrative remedies by filing a claim with the appropriate federal government entity and must receive a final written determination. 28 U.S.C. § 2675(a). If the appropriate federal government entity makes no final written determination within six months of the date of the claimant's filing, the claimant may bring a FTCA action in a federal district court. *Id.* This requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005); *Abadi v. Am. Airlines Group, Inc.,* No. 23-CV-4033, 2023 WL 5649187, at *1 (S.D.N.Y. Aug. 31, 2023). Here, Plaintiffs have not alleged that they submitted their claim to any federal agency, nor do they allege that any federal agency has addressed their concerns. Accordingly, to the extent that Plaintiffs seek redress under the FTCA, the Court appears to lack jurisdiction to consider the claims as the complaint does not show that they have exhausted their administrative remedies before filing the instant action.

## II. Plaintiffs' Claims are Frivolous

"An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 Fed. Appx. 78, 79 (2d Cir. 2011) (summary order) (quoting

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (alteration in original)); *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Even giving the most liberal construction to Plaintiffs' complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court cannot find that a plausible cause of action has been alleged. Accordingly, the Court finds that Plaintiffs' complaint lacks any arguable basis in law or in fact. *See Neitzke*, 490 U.S. at 325; *see also Miller v. Miller*, No. 23-CV-06069, 2024 WL 1604227, at *2 (E.D.N.Y. Apr. 12, 2024) (dismissing fee-paid action as frivolous); *Burton v. USA*, No. 21-CV-6238, 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (dismissing pro se plaintiff's complaint as frivolous because the allegations rise to the level of the irrational).

Accordingly, the Court is hereby giving Plaintiffs notice why it intends to dismiss their action and an opportunity to argue why it should not be dismissed. *See, e.g*., *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018) (dismissing a fee-paid complaint *sua sponte* without providing notice and an opportunity to be heard, "is, at a minimum, bad practice in numerous contexts and is reversible error in others"); *Jean-Baptiste v. U.S. Dept. of Justice*., No. 23- Civ.-1897, 2023 WL 5694526, at *6 (S.D.N.Y. Apr. 24, 2023) (directing plaintiff to show cause why the fee-paid complaint should not be dismissed under the doctrine of sovereign immunity and as frivolous).

## CONCLUSION

Plaintiffs are directed to Show Cause in writing within 30 days from the date of this Order, why the Court should not dismiss this fee-paid action for the reasons set forth above. If Plaintiffs

fail to show cause within the time allowed or fail to request an extension of time to do so, this action will be dismissed without further notice.

Although Plaintiffs paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States,* 269 U.S. 438, 444-45 (1962).

The Clerk is requested to mail a copy of this Order to Show Cause to Plaintiffs and to note the mailing on the docket.

**SO ORDERED.**

/s/ Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge

Dated: Brooklyn, New York
      April 23, 2024